Good morning. May it please the Court, Frank Hedin on behalf of the Appellant, Robert Jeremy Horton's complaint in the District Court alleged a single claim for relief on behalf of himself and others similarly situated pursuant to Rule 23 for violation of a Michigan law called the Michigan Video Rental Privacy Act, which, generally speaking, prohibits the disclosure of information concerning individuals' purchase of written publications to a third party. Mr. Horton sought $5,000 for his individual claim for relief and, at the appropriate stage of the proceedings, indicated that he would likewise seek $5,000 on behalf of each of the unnamed class members pursuant to Rule 23. Dow Jones moved to compel arbitration and to stay the case in the District Court. Dow Jones moved to compel plaintiffs' individual claim for relief to arbitration and to stay the case. At no point did Dow Jones move to dismiss the case. At no point did Dow Jones move to invoke a class-action waiver that's embedded within the agreement to arbitrate, in the Subscriber Agreement in this case. And at no point was any of this ever argued before the District Court. Plaintiff opposed or the Appellant opposed Dow Jones' motion to compel arbitration. The District Court denied the motion to compel arbitration. And then Sua Sponte invoked a class-waiver provision embedded within that agreement to arbitrate that Dow Jones had not asked the Court to invoke. And that, indeed, the Court had no power to invoke because it had already held that the agreement to arbitrate did not apply to Mr. Horton's claim pursuant to the small claims exemption found within that agreement. When the District Court asked for supplemental briefing on January 18th of 2019, in the order it said Dow Jones had already argued that Horton agreed to, quote-unquote, give up class-action participation, right? So why wasn't that clear that the District Court considered this class-action waiver issue before the Court? It was never actually argued. It was a heading that the District Court was quoting from there and a brief, and the heading referred only in the context of arbitration. Was Mr. Horton giving up his ability to participate in a class-action? So essentially what the appellee argued in the District Court was, because Mr. Horton agreed to arbitrate his individual claim, as a consequence of that, he's agreed to give up class-action participation because he's going to be in arbitration and not in court. And, indeed, that's the only way to read the arbitration agreement. It says if your claim is covered by this agreement to arbitrate, and you're giving up class-action participation and you can't bring in a class arbitration and you can't participate in a class-action in court because, again, you've agreed to be in arbitration. But in this case, that's not what Mr. Horton agreed to. Well, if you look at the class waiver provision, I mean, why should we read the class waiver provision as only applying to otherwise arbitrable disputes when it clearly states, and this is the Joint Appendix 85, by entering into this agreement, you are giving up the ability to participate in a class action. It doesn't, I mean, the reference to disagreement refers, doesn't it, to the subscriber agreement? I believe that it does agree to the subscriber agreement, but the context in which that part of the sentence appears, it's in a sentence that begins with the phrase, any arbitration under this agreement take place on an individual basis. But if it only applied to arbitrations, why would they have the words, and class actions, that would be need that, right? It would just say class arbitrations are not permitted. No, you'd still need it because you'd need to adequately inform people of the rights they're relinquishing as a consequence of agreeing to be in arbitration. And additionally, a claim may wind up in arbitration or in court even after it's been sent to arbitration. Even if it's otherwise arbitrable pursuant to the agreement to arbitrate, that claim could still wind up in court. Not as a class action. Exactly. Not as a class action pursuant to this. So you wouldn't be, you're saying you have to put them on notice that they're giving up some future possibility of a review? I'm not sure what you're suggesting there. Well, why would there be no circumstance where you'd be concerned about this, right? Well, if a claim is subject to the agreement to arbitrate, which in our case, Fallon's position is his claim is not. If it's subject to the agreement to arbitrate, this says you're agreeing to arbitrate the claim, and you're going to happen on an individual basis in arbitration, so therefore, you can't bring class actions, you can't bring a class action, you can't participate as an unnamed class member in a class action to the extent such a claim is brought by somebody else on your behalf, which is another reason why that gives why there's meaning given to the phrase class actions in the class waiver provision in the arbitration agreement under our reading. But additionally, there are circumstances in which you could have an arbitrable claim, the claim could go to arbitration, and it could be held voidable or unenforceable or for any number of other reasons be sent back to the district court, and it could be proceeding in court at that point. It would be proceeding in court at that point, but it would still be subject to the class waiver because it's otherwise arbitrable pursuant to the agreement to arbitrate. But in Mr. Horton's case, his claim is expressly exempt from the agreement to arbitrate because any dispute that qualifies for small claims court is exempt from the entire agreement to arbitrate, one provision of which happens to be something pertaining to a class waiver. But again, the class waiver is buried in a separate section of the agreement that's titled agreement to arbitrate. It's surrounded by sentences pertaining only to arbitration. And the facts of this case are indistinguishable from those in Meyer v. Kalanick, a southern district in New York opinion, by Judge Rakoff that we cite in our briefing, where the court held that because it's embedded within the class or in the class waiver, in the arbitration agreement, exactly as it is here, and it has the same sentences on each side of it that are on the side of the one in this case, only claims that are subject to the agreement to arbitrate are claims that are subject to the class waiver. And if a claim is not subject to the class or to the agreement to arbitrate, it's likewise not subject to the class waiver in that agreement. Robertson After concluding that you couldn't proceed on a class basis, did the district court maintain original jurisdiction over the remaining individual portions of your VRPA claims? McAllister Yes, it did. CAFA-anchored jurisdiction, original subject matter jurisdiction in the district court at the time of the complaint's filing, which is what this Court's decision in C-5 Capital v. Pappas makes clear. And that also confirms that the district court's assessment of supplemental jurisdiction at that point didn't make any sense because there was no claim supplemental to Mr. Horton's sole claim for relief to the legitimate complaint. This isn't the case where there was one claim brought on a class-wide basis invoking CAFA's jurisdiction, and then a second claim, a second State law claim supplemental to that claim that the Court was, you know, capable of exercising supplemental jurisdiction over. It's a sole claim for relief. And so Mr. Horton appropriately in his letter suggested that the Court, after explaining all this, that the Court declined to exercise supplemental jurisdiction because it was powerless to do so, and it would have been leading the Court into error, further error, if it had done so. Roberts Thank you. You'll have three minutes. McAllister Thank you. Ms. Spears Good morning, Your Honor. Natalie Spears on behalf of Dow Jones. If the district court did maintain original jurisdiction over the individual claims under CAFA, how can it take supplemental jurisdiction over it? Ms. Spears A couple points on that. With regard to what counsel just said, this ship sailed. The ñ he did not tell the district court in his letter to retain jurisdiction. He said just the opposite. He said dismiss the allegations or dismiss the case if you dismiss the class allegations. Which the district court granted. So he expressly made that request to get up here before this Court today, and now he can't, having made that election, do the opposite. But we're not challenging the general rule that CAFA jurisdiction would survive dismissal of the class claims or denial of class. That doesn't answer the question of whether the individual State law claims should be retained. And the district court properly looked at whether or not she could retain jurisdiction and decided that she did not have an obligation to do so, looking at the supplemental jurisdiction factors. But even if you look at the F-5 case, which is mentioned, that instructs that simply the Court can retain jurisdiction because it has original jurisdiction, but it also importantly noted that it was not suggesting that any class pleading, even one that lacked good-faith ñ good-faith basis in law and fact, would continue to support continued CAFA jurisdiction. And the Court went on to say, nor do we conclude that the district court, on finding that a class ñ a case cannot proceed as a class action, must adjudicate State law claims rather than remand them. So the Court absolutely had the power to do what she did here and declined to retain jurisdiction. The ñ Roberts. Why should the fact that, as I understand it, that Horton brought this class action categorically render his individual dispute ineligible for small claims court exception? Because that's not the claim he brought to this Court. The claim he brought to this Court is not subject to the small claims court exception. When plaintiff knocked on this Federal courthouse door, he did not do so with only an individual claim. He couldn't have got in the door. He did so as a multimillion-dollar CAFA class action seeking to represent hundreds of individuals in a complex action and stakes in excess of $5 million. In no way, shape, or form is that a dispute that would qualify for small claims court jurisdiction. Did he bring ñ he brought his claim, his own claim individually, right, and on behalf of members of the class? Correct. But he ñ looking at just his individual claim as he asks you to do is a ruse. There's a fundamental flaw in that premise because you have to look at the whole complaint as pled. And when you look at the complaint as pled, it's clearly not subject to the small claims court exception to arbitration. And that's what every court to ever have looked to that issue has said. I want to go to the district court's opinion. Class arbitrations and class actions are not permitted. That is what the district court has said. And that is what the plain language says in bold in the subscriber agreement the plaintiff admits he entered into with Dow Jones. This case is about plaintiff's desire to ignore his agreement. Instead of resolving his dispute as an individual claim in arbitration or in small claims court, as he agreed to do, he wants to come into this Federal courthouse on the premise that his multimillion-dollar CAFA class action is a dispute, as we just said, that somehow qualifies. Well, it doesn't. The district court correctly rejected that position. She dismissed the class allegations and under the plain terms of the class action waiver and then declined to retain jurisdiction. That decision should be affirmed. You want to address this Judge Rakoff case that your adversary referred to? Sure. He seizes on Meyer, but respectfully, Meyer's wrongfully decided. It does not address binding precedent of this Court in the Cohen decision, which the district court did rely on, and in Cohen, which he can't distinguish, the class action waiver in Cohen was contained in an arbitration clause, and just like here, and the Court held that the class action waiver is independently enforceable, even if it's located in an arbitration clause. So Meyer simply did not address that. In addition, as we said in our papers, I believe the circumstances of that case, the context drove Judge Rakoff's decision. The case was one in which the defendant, the CEO of Uber, was not even a party to the agreement and had not moved to compel arbitration, and unlike here, Judge Rakoff was not confronting a plaintiff that was trying to weaponize the small claims court exception to arbitration, which I submit he would have shot down like every other court to ever address that issue has done so. So it's simply not instructive. I'd like to address notice briefly, because plaintiff addressed it to you today. All the plaintiff's arguments about notice and waiver are sour grapes. They misstate the facts in the record and the law. As was alluded to, the district court pointed out Dow Jones expressly raised the class action waiver in his papers. We block-quoted it in bold because it's in bold in the original and argued that he violated the class action waiver by showing up to this courthouse and trying to file a class action, and we asked the court to compel arbitration on an individual basis. So there's no waiver or unfair surprise, and if you want to know the answer to that concretely, look no further than his own letter brief, because when the judge ordered supplemental briefing, he knew exactly what she was going to say. There's nothing more to say. There's no evidence that he could present. It's purely a legal issue. Decided on undisputed facts. Once he admitted he entered into the subscriber agreement, the judge ruled on the law and the undisputed facts before her. So no matter how much briefing is allowed, he loses. In terms  of contract interpretation, and all of plaintiff's arguments are in service of wiping away plain language from the agreement and supporting a result that tries to shoehorn a complex, multimillion-dollar CAFA class action into Federal court through a small claims exception to arbitration. The plain language of the class action waiver, the plain language of the small claims court exception, and the exception to arbitration and the obvious intent of the agreement itself all dictate that it's not the correct contract interpretation or a result. Any way you look at this, whatever sequence or order you want to look at it, plaintiff should be left with the options to which he agreed. Bring an individual arbitration or go to small claims court. But he cannot stay and pursue his dispute here. Thank you. I just have a few points on rebuttal. The plain language of the agreement to arbitrate confirms that plaintiff's claim is not subject to the arbitration agreement because it qualifies for small claims court. Dow Jones wrote this, a subscriber agreement on the arbitration agreement. Dow Jones is a sophisticated company. It wrote it this way, and the plain language confirms that plaintiff's claim is exempt from it. And this is — this distinguishes this arbitration agreement that Dow Jones wrote from other arbitration agreements, which, in the context of referring to small claims and how those types of claims may be exempt from the agreement, other agreements written by other companies typically say that those claims have to be brought in small claims court. In this case, it doesn't say that. It says — the agreement says that if a claim qualifies for small claims court, it's exempt from the entire agreement to arbitrate, within which the class waiver is found. Horton did not ask the Court to — to dismiss his class claims and to dismiss the case in the manner it did. Horton was simply responding to the question posed by the district court, which was, should I continue to exercise supplemental jurisdiction? It was a yes or no. And after explaining that there's no such thing as a class claim distinct from an individual claim, and that there's thus no claim supplemental to the plaintiff's individual claim, the Court should not continue to exercise supplemental jurisdiction because it can't do so. And — and so it's fairly disingenuous to say that Mr. Horton asked for the relief that was — was granted by the district court. The Cohen case is an opposite. In that case, the parties clearly agreed that the class waiver could be separately enforced from the agreement to arbitrate, and the Second Circuit simply said that that's permissible under the FAA and the Supreme Court's jurisprudence on these issues. There's nothing impermissible about that. In this case and in this contract, the parties agreed to an agreement to arbitrate that was — that — that cabined the class waiver and confined the class waiver within the boundaries of that agreement to arbitrate. And because it doesn't apply here, the class waiver doesn't apply either. And I just — I'd also like to point the Court to a recent decision that cites Meyer v. Kalanick on the same point, and this is Vine v. PLS Financial Services. It's a 331 FRD 325. It's an Eastern District of Texas opinion, and that decision collects other cases interpreting similar agreements to arbitrate that have class waivers in them in the same — same form, and those courts have all uniformly held that the class waiver only applies to arbitrable claims. And lastly, even if the subscriber agreement — if the ARB provision within the subscriber agreement really is separate and distinguishable and separate and forcible from the class waiver, in this case, Mr. Horton's terminated the subscriber agreement on June 4th, 2014. His claim didn't accrue until at the earliest a year later. The only survival provision in the subscriber agreement is — the only thing that survives is the agreement to arbitrate pursuant to its terms. So even if they are separate and distinguishable, as Dow Jones argues, the class waiver did not survive. And because this claim accrued after the termination of the subscriber agreement, it's not subject to the class waiver even under Dow Jones's interpretation of the agreement. Roberts. Thank you. Thank you both for your arguments. The Court will reserve decision. Oh, you have one minute. Yes. Yes. Your Honor, any way you look at this case, it does not belong in this Court. Dow Jones looked at this first as to whether a dispute is arbitrable. This dispute which plaintiff pled is a class action. That is not a dispute that qualifies for the small claims court exemption. And the Arbitration Clause focuses the small claims court exception on disputes. Again, the class action that he pled in this Court is not a dispute that qualifies. It's simply an order of operations in terms of how you look at it. So with that, I would close by saying that we'd ask you to affirm the district court. But if for any reason you determine that the relief ordered is not appropriate, we'd ask you to take up our contingent cross appeal and grant that as well. Thank you. Thank you. Thank you both for your arguments. The Court will reserve decision.